UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BUILDING TRADES UNITED PENSION
TRUST FUND, et al.

                Plaintiffs,

v.                                                    Case No. 22-cv-1300-bhl

SIMON LANDSCAPE
COMPANY INC.,

                Defendant.

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

        Despite accepting service on November 8, 2022, Defendant Simon Landscape Company, Inc. has never appeared in this case. (ECF No. 3.) As a result, on February 1, 2023, the Clerk of Court entered a default pursuant to Fed. R. Civ. P. 55(a). On January 31, 2023, Plaintiffs moved for default judgment under Rule 55(b)(2). (ECF No. 6.) Because the motion and accompanying affidavits sufficiently establish the amount of damages at issue, the Court will enter default judgment against Simon Landscape without a hearing.

        Under Fed. R. Civ. P. 55(b)(2), the Court may enter a judgment by default without a hearing on damages if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.3d 1319, 1323 (7th Cir. 1983). In cases alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), the plaintiff can prove definite figures through submission of affidavits authenticating collective bargaining agreements, audits, and itemized billing statements showing attorney's fees and costs. *See Trs. of Cent. Laborers' Pension, Welfare & Annuity Funds v. Robinson*, No. 08-454-DRH, 2008 WL 5191761, at *2 (S.D. Ill. Dec. 11, 2008); *Wis. Sheet Metal Workers Health and Benefits Fund v. CC Installations, Inc.*, No. 11-C-641, 2011 WL 5404035, at *1 (E.D. Wis. Nov. 7, 2011); *N. Cent. States Reg'l Council of Carpenters' Pension Fund v. Ceiling Constructors, Inc.*, 14-cv-701-bb, 2015 WL 12585908, at *1 (W.D. Wis. Mar. 12, 2015).

In this case, the complaint alleges that Defendant failed to remit all required contributions to Plaintiffs' pension funds in violation of ERISA. (ECF No. 1 ¶¶12-15.) Plaintiffs have submitted affidavits, audits, the collective bargaining agreement, and an itemized statement of attorney's fees and costs. (ECF Nos. 7, 8, 9, and 10.) Based on these submissions, they request $61,262.55 in contributions, $5,515.48 in liquidated damages, $3,589.21 in interest, $2,178 in attorney's fees, and $457 in costs, for a total of $73,002.24. (ECF No. 11 at 6.) The documentary evidence sufficiently substantiates this sum.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment under Fed. R. Civ. P. 55(b)(2), ECF No. 6, is **GRANTED**. Plaintiffs are awarded damages in the total amount of $73,002.24 for contributions, liquidated damages, interest, attorney's fees, and costs of prosecution. The case is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on February 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge